NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30337 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-02097-LRS-1 |
| v. | |
| ALBERT ZUNIGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted July 13, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

Albert Zuniga ("Zuniga") appeals his conviction pursuant to 18 U.S.C. § 371 for conspiring with others to commit robbery of a United States postal truck. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Zuniga's first basis for appeal is that the government improperly vouched for the credibility of Raymond Pedroza ("Pedroza"), a confidential informant who testified in this case. Because Zuniga's defense counsel did not object to the alleged vouching, this Court must review for plain error. *United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995). Reversal due to plain error is proper "only if, viewed in the context of the entire trial, the impropriety seriously affected the fairness, integrity, or public reputation of the judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice." *United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004) (internal quotation marks and citation omitted).

Vouching occurs when the prosecutor "plac[es] the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993).

The only improper vouching by the government alleged by Zuniga occurred during the direct examination of Postal Inspector Henney. Inspector Henney was

asked the following question: "Concerning the information Raymond Pedroza provided to you, how many of the facts have been determined to be false?" Inspector Henney replied, "None of the statements that Pedroza gave us have been proven false." This single statement does not constitute vouching because Henney did not provide personal assurance of Pedroza's veracity, his response does not suggest that there is additional information not presented to the jury, and there was no inference the judge was monitoring Pedroza's veracity.

Zuniga also asserts a related and novel argument that his own trial attorney improperly vouched for Pedroza. During the cross-examination of Inspector Henney, Zuniga's trial attorney asked the following question: "You believe that Raymond Pedroza's statements are credible, and that his stories add up, is that correct?" Inspector Henney answered, "Yes, ma'am." Shortly thereafter, she asked: "So everything that Mr. Pedroza has said thus far you believe is accurate?" Inspector Henney answered, "We have not proven anything he said to be inaccurate." When viewed in context, it becomes apparent that Zuniga's trial counsel asked the questions as part of her strategy to call doubt upon Pedroza's credibility. Thus, none of the challenged statements constitute improper vouching.

Even if vouching had occurred it is not sufficient to constitute plain error, which requires prejudice to such an extent that it would have affected the verdict. The jury in this case heard undercover recordings of Zuniga himself discussing the

robbery with Pedroza and indicating his involvement. Based on a review of the evidence presented in this case, we cannot find that the alleged errors would have affected the verdict.

Zuniga also asserts a direct appeal of his conviction based on alleged ineffective assistance of counsel. As a general rule, this Court does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009) (citations omitted). The reasoning behind the rule is that "ineffective assistance of counsel claims usually cannot be advanced without the development of facts outside the original record." *Id*. (internal quotation and citation omitted). A habeas proceeding allows the court to take testimony from witnesses of the defendant, prosecution, and from the counsel alleged to have rendered the deficient performance. *Massaro v. United States*, 538 U.S. 500, 505 (2003).

There are two "extraordinary exceptions" to the general rule where this Court has proceeded with a review on direct appeal: "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation was so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Benford*, 574 F.3d at 1231 (internal quotation and citation omitted).

Zuniga cites the alleged acts of vouching by his trial attorney as evidence of her ineffective representation. Zuniga also argues that his trial attorney asked questions of Inspectors Rogers and Henney during cross-examination which allowed them to provide their opinion as to his guilt or innocence. A review of the transcript shows that the exchanges occurred while Zuniga's trial attorney was questioning the inspectors as to whether Pedroza had ever been considered the primary suspect in the robbery, which calls into question Pedroza's credibility.

All of the alleged incidents of ineffective assistance of counsel cited by Zuniga might amount to trial tactics employed by his attorney. Whether the tactics fall below an objective standard of reasonableness within the range of competence required of attorneys in criminal cases should be determined within the context of a habeas proceeding.

Zuniga's final argument on appeal is that there was cumulative error requiring reversal. Because we find that no error has occurred in this case, it follows that there can be no cumulative error which would require reversal.

AFFIRMED.