UNITED STATES of America,
Plaintiff–Appellee,

v.

Oscar Roberto GARCIA–LABRADA,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Oscar Roberto Garcia–Labrada,
Defendant–Appellant.

Nos. 08–10549, 08–10550.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2009.

Filed Dec. 14, 2009.

Randall M. Howe, Esquire, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Atmore Baggot, Atmore Baggot Attorney at Law, Apache Junction, AZ, for Defendant–Appellant.

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

### MEMORANDUM *

Defendant Oscar Roberto Garcia–Labrada appeals the district court's imposition of a sentence of forty-three months' imprisonment for reentering the United States without legal authorization, in violation of 8 U.S.C. § 1326(a), and fifteen months' imprisonment for violating the terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Reviewing for plain error, *see Puckett v. United States*, —— U.S. ——, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009), we hold that the government did not breach its agreement not to oppose a two-level reduction for Defendant's acceptance of responsibility. The prosecutor's statements at sentencing were entirely proper and were not comparable to the conduct held to have violated the government's agreement in *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir.1999).

2. The district court erred when, during sentencing on the indicted charge, it appeared to apply an upward departure pursuant to U.S.S.G. § 7b1.4, commentary note 4. That departure guideline applies *only* to terms of imprisonment for revocation of supervised release, not to convictions for violations of 8 U.S.C. § 1326(a). Because Defendant failed to

object at sentencing to this aspect of the district court's reasoning, however, we review for plain error.[1] *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). We hold that the error did not affect Defendant's substantial rights because, after reviewing the record as a whole, we are convinced that the district court would impose the same sentence on remand. In other words, there is no "probability of a different result ... sufficient to undermine confidence in the outcome of the proceeding." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Defendant did object to the imposition of a departure on the basis that "departures have been superseded by variances based upon the statutory sentencing scheme and that the

Court can only grant variances instead of departures." The district court properly declined to heed that objection. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 934–35 (9th Cir.2009) (recognizing the continuing vitality of both departures and variances).