BERZON, Circuit Judge,
dissenting:
Although I agree with, and concur in, the majority opinion with regard to the “physically restrained” Guideline, U.S.S.G. § 2B3.1(b)(4)(B), and Albritton’s consecutive sentence, I respectfully dissent with regard to the question whether Albritton “otherwise used” a dangerous weapon. Reading the Guidelines’ definition of “brandished” as a whole and in context, pointing a gun (or other dangerous weapon) at someone is brandishing it, not otherwise using it, no matter whether the gun is pointed fleetingly or not, and no matter whether the pointing is accompanied by *1109 verbal threats or not. Although I recognize that other circuits have held otherwise — particularly the First Circuit in United States v. Villar, 586 F.3d 76, 90 (1st Cir.2009), a case heavily relied upon by the majority — the issue is an open one in this circuit.
I
The majority opinion interprets the term “brandish” simply by looking to the dictionary definition of “brandish,” viewing the term in isolation. Even in carrying out this limited endeavor, it errs.
The definition upon which the majority relies includes “ ‘[t]o ... flourish (a weapon ...) menacingly’ ” and “ ‘[t]o display ostentatiously.’ ” Majority Op. at 1107 (quoting The American Heritage Dictionary of the English Language 224) (4th ed.2000). Neither definition quoted specifies whether the flourishing or displaying has to be “in the air,” so to speak, as the majority assumes, rather than directed at a specific person, as is signaled by pointing a gun at that person. But “menacingly” certainly suggests a conveyed intent to use the weapon, rather than just to show it off. One does not “brandish” a weapon by displaying it in the Tower of London as an example of the contents of King Henry VIII’s arsenal. I therefore see no basis for concluding that pointing a gun at someone with the implicit threat to use it does not constitute “brandishing” the weapon. The dictionary definition does not dictate the majority’s conclusion.
More importantly, there would have been no need for a separate definition in the Guidelines’ § 1B1.1 Application Notes if all that was intended by the term “brandished” was the out-of-context dictionary definition. We all know how to use a dictionary. See Schwab v. Reilly, — U.S. -, 130 S.Ct. 2652, 2662, 177 L.Ed.2d 234 (2010) (noting that dictionary definitions are not useful where there is a statutory definition). The definition actually given in the Application Notes contains critical language not acknowledged in or discussed by Villar or by the majority in this case— namely, the display must be “to another person, in order to intimidate that person.” [1] That language adds three details to the dictionary definition, all of which confirm that pointing a dangerous weapon threateningly comes within the Guidelines’ definition of “brandished.”
First, the Guidelines’ definition adds directionality — the display must be “to another person.” U.S.S.G. § 1B1.1 cmt. n.1(C) (emphasis added). Pointing, of course, involves directing a weapon to a person. The directional term “to” is thus consistent with the inclusion of pointing a weapon at someone within the broader term, “brandishing.”
Second, the Guidelines’ definition adds specificity of target — the display must be not to the world at large, but “to another person.” Id. (emphasis added). Moreover, the display must take place “in order to intimidate that person.” This specificity precludes the majority’s conclusion that “ ‘[b]randishing’ is a ‘general display of weaponry’,” not a “ ‘specific leveling’ of the weapon at another person.” Majority Op. at 1107 (quoting Villar, 586 F.3d at 90). The Guidelines’ definition is squarely to *1110 the contrary: A “general display of weaponry” is expressly not covered by the Guidelines’ definition of “brandished,” as the display must be “to another person,” and for the purpose of intimidating that person. For these same reasons, the “ ‘specific leveling’ of [a] weapon at another person” is quite expressly covered.[2]
Finally, the phrase ignored in the majority opinion adds a mental element — the display must take place “in order to intimidate that person.” U.S.S.G. § 1B1.1 cmt. n.1(C). This feature confirms that “brandishing” involves placing a particular individual in fear. Moreover, “intimidate” connotes not simply frightening someone, but frightening them so as “to force [them] to or deter [them] from some action.” The Oxford English Dictionary, Vol. VIII, at 8 (2d ed.1989). In short, the notion that “brandishing” does not involve using focused fear of harm to induce a particular-person to do a particular thing, central to the majority opinion, simply will not wash.
There is the suggestion in the majority opinion that the current Guidelines’ definition of “brandished” cannot include pointing a weapon at someone, because earlier versions of the definition expressly included “pointing,” while the current one does not. In context, the proper inference is the opposite — that the change in the Guidelines’ definition preserved, rather than discarded, the inclusion of pointing as part of the definition.
The amendment, which took place in 2000, replaced the phrase “that the weapon was pointed or waved about, or displayed in a threatening manner,” U.S.S.G. § 1B1.1 cmt. n.1(C) (1999) (amended Nov. 1, 2000), with “that all or part of the weapon was displayed, or the presence of the weapon was made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person.” U.S.S.G. § 1B1.1, cmt. n.1(C) (2000). The addition thereby added all of the critical elements I have discussed — directionality, specificity of targeted person, and intention to coerce. Having added those elements, all of the features conceivably particular to “pointing” were included, as they were not previously, and there was no reason to single out “pointing” as a particular form of brandishing any longer. See The Oxford English Dictionary, Vol. XI, at 1135 (defining “point” as, inter alia, “[t]o direct (the finger, a weapon, etc.) at, to level or aim (a gun) at; to direct (a person, his attention, or his course) to”).
Moreover, if the amendment were given the import suggested, then one would have to conclude that “waving” as well as “pointing” was no longer covered. The word “waved” appears in the earlier version but not the present one. Yet, the premise of the majority’s opinion seems to be that waving is covered but pointing at a particular person coercively is not — why, we are not told. The more appropriate conclusion is that the term “display” now includes both waving and pointing.
Further, the explanation given by the United States Sentencing Commission when it adopted the current definition of “brandished” confirms that no confining change was intended. The Commission explained that a statutory definition of “brandish” had been recently adopted and codified at 18 U.S.C. § 924(c)(4). See U.S.S.G. § 1B1.1 hist, notes (2000 amends.). In that light, the Commission stated that the purposes of amending the Guidelines definition were to “avoid confusion” by conforming to the new statute’s definition and to “increase punishment in *1111 some circumstances,” by adding a reference to hidden weapons whose presence is made known. Id. There is no indication whatever that a third purpose was to take away an entire category of previously covered actions — display by pointing a weapon at a particular person.
Moreover, and critically, if “brandishing” did not include coercive pointing, then the same limitation would presumably apply to 18 U.S.C. § 924, as the Sentencing Commission meant to follow the § 924 definition. See 18 U.S.C. § 924(c)(4) (defining the term “brandish” as “to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person”). But § 924(c)(4) has been interpreted to include coercive pointing of a firearm. See United States v. Benford, 574 F.3d 1228, 1234 (9th Cir.2009) (applying § 924(c)(1)(A)(ii)’s “brandished” enhancement where the defendant “turned and pointed the handgun at[the teller]”) (alteration in original). Indeed, if “brandished” does not include coercive pointing of a firearm for § 924(c) purposes, then there is no applicable sentencing enhancement for such coercive pointing: The statute provides increased mandatory mínimums only of seven and ten years, respectively, for “brandishing]” or “discharging]” a firearm; if neither term applies, then the mandatory minimum for use or possession of a firearm in furtherance of certain crimes is five years. 18 U.S.C. § 924(c)(1)(A). As the Sentencing Commission’s purpose in its 2000 amendment to the Guidelines was to conform the Guidelines’ definition to that contained in § 924(c), the consideration that the statute’s definition of “brandished” applies to coercive pointing should be dispositive in this case.
In sum, the current Sentencing Guidelines’ definition of “brandished” includes coercive pointing of a gun or other dangerous weapon through its use of terms indicating directionality, specificity of victim, and a mental element of intended coercion. The majority’s assumption otherwise, in reliance on Villar, has no basis.
II
Having so concluded, I now turn to the impact of this conclusion on the ultimate issue with regard to the dangerous weapon enhancement in this case: Did Albritton “brandish” the BB pistol he was carrying, or did he “otherwise use” it? If the former, his offense level would be increased by three levels; if the latter, the increase would be four levels.[3] The Guidelines’ definition of “otherwise used” is behavior that “did not amount to [the] discharge of a firearm but was more than brandishing, displaying, or possessing [the] firearm or other dangerous weapon.” U.S.S.G. § 1B1.1 cmt. n.1(I). If, as explained above, coercive pointing of a gun, phony or real, at someone is “brandishing” it, then it cannot be “otherwise using” it.
Given that structure, one could object to my reading of the definition of “brandished” if, as used in the operative Guideline, my interpretation turned out to swallow up the “otherwise used” category, leaving it a nullity. But that is certainly not so. For dangerous weapons other than firearms, my understanding of “brandished” leaves “otherwise used” covering all the ordinary uses of most dangerous weapons that are not firearms — stabbing with a knife, for example, or cutting *1112 with an axe, or hitting with a hammer. And for firearms, “otherwise used” would include, for example, pistol whipping. So there’s no reason to bend the very precise Guidelines’ definition of “brandished” out of shape to assure a sensible gradation of suggested punishment within the operative Guideline, and I would not do so.
Conclusion
I would hold that pointing a BB pistol at someone, coercively or otherwise, constitutes brandishing, not otherwise using, the weapon, giving rise to a three — rather than four — level sentencing enhancement. I therefore respectfully dissent.

. I note that the Guidelines’ definition of “brandished,” as a whole, does not comport with the majority's dictionary definition for an independent reason not here directly applicable: The Guidelines’ definition says that the “weapon does not have to be directly visible,” although it must be present and made known. U.S.S.G. § 1B1.1 cmt. n.1(C). A hidden weapon is neither "wave[dj” nor "flourishe[d]” nor “displaye[dj ostentatiously,” and so does not come within the dictionary definition the majority relies upon. As this example confirms, the Guidelines' definition of "brandished” does not simply mimic the dictionary.

. Perhaps the majority intends to draw a distinction between displaying a weapon "at another person” and "to another person.” If so, the distinction escapes me; one can surely display something to someone by just flashing it at him, for example.

. There is a parallel but more nuanced distinction with regard to actual firearms — an enhancement of seven levels for a discharged firearm, six levels if a firearm is "otherwise used," and five levels if it is “brandished or possessed.” U.S.S.G. § 2B3.1(b)(2)(A)-(C).