BERZON, Circuit Judge,
concurring in the judgment:
I agree with the majority that the state court decisions were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, and were not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Unlike the majority, however, I would stop with that conclusion. It is unnecessary to decide whether the August 11, 2000 hearing was, in fact, a “critical stage” in McNeal’s criminal proceedings.
Moreover, in addressing this issue, I believe the majority confuses the “critical stage” standard applicable to United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) with the separate “critical stage” standard applicable to all claims under the Sixth Amendment. Put simply, the majority erroneously treats the two as the same, when they are *1290 not. The standard applicable in the first instance is “any stage of a criminal proceeding where substantial rights of a criminal accused may be affected,” Hovey v. Ayers, 458 F.3d 892, 901 (9th Cir.2006) (citation and quotation marks omitted), while that applicable in the second instance is whether the denial of counsel at a given stage holds such “significant consequences” for the overall proceeding that a prejudice inquiry is impractical, see Musladin v. Lamarque, 555 F.3d 830, 839-40 (9th Cir.2009).
The error may be understandable, as the case law uses the term “critical stage” in both instances. See Cronic, 466 U.S. at 659, 104 S.Ct. 2039; United States v. Ash, 413 U.S. 300, 316, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). And at least one case from this Court seems not to have noticed the difference, and so used the same standard for both. United States v. Benford, 574 F.3d 1228, 1231-33 & n. 2 (9th Cir.2009). But the questions — whether a defendant is entitled to a lawyer during a certain proceeding and whether the denial of a lawyer gives rise to automatic reversal of the entire conviction because of the difficulty of determining the impact a lawyer may have had — are obviously distinct.
One reason melding the two questions, as the majority does, matters is that it can lead to a tendency to deny the right to counsel at some relatively peripheral proceedings because of a perception that the result of such recognition is necessarily a Cronic reversal if the right is denied.
The majority states at the outset that it is going to clarify the distinction between the two questions and standards. Maj. op. at 1285. But then it only further contributes to the confusion. I respectfully concur only in the judgment.