**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50119 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01092-JAH-1 |
| v. | |
| JAMES FOLSOM, AKA Jim Anderson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 8, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

   James Folsom appeals his conviction in federal district court. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

------

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Pre-Indictment Delay

The district court did not abuse its discretion in denying Folsom's motion to dismiss for pre-indictment delay. The statute of limitations, not due process, is the usual safeguard against excessive delay between commission of a crime and indictment. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). All of the charges against Folsom were filed within the statute of limitations.

Further, Folsom fails to show that the loss of Kimberly Bailey's testimony prejudiced him. Folsom argues that Bailey would have testified that it was she who requested that he use an alias when dealing with customers. But given that the government offered evidence that Folsom continued to use an alias after he was no longer employed by Bailey, this testimony would have been only marginally useful to his case. *See United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir. 1995). Nor does Folsom make any arguments that the delay offended "those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (internal quotation marks omitted).

2. Prosecutorial Misconduct

There is no indication that Folsom raised the issue of prosecutorial

misconduct before the district court; thus, we review only for plain error. *United States v. Weatherspoon*, 410 F.3d 1142, 1150-51 (9th Cir. 2005).

Folsom provides no evidence that he requested and was denied access to FBI reports. The reports appear in the government's supplemental excerpts of record along with a discovery log indicating the reports were given to Folsom.

Folsom submitted a declaration from his trial attorney who claims he was denied access to the Rife devices seized by the government. But this assertion is contradicted by (1) numerous letters from the government granting Folsom's attorney access to the evidence, and noting that Folsom's attorney had not availed himself of the opportunity; (2) a pre-trial hearing transcript in which the government attorney told the court that Folsom's attorney had seen the devices, and Folsom's attorney did not contradict her; and (3) a letter from Folsom's attorney to the government requesting further discovery that, despite an extensive list of additional requests for evidence, made no mention of Rife devices. Thus, the district court did not plainly err in not finding any discovery violations.

Folsom's claim that the government improperly allowed his co-defendant to continue selling Rife devices is also without merit. Even accepting Folsom's allegation as true, Folsom makes no argument that the government's misconduct prejudiced him. *See United States v. Wright*, 625 F.3d 583, 609-10 (9th Cir. 2010).

3

Folsom's co-defendant did not testify at Folsom's trial nor is there any indication that evidence provided by the co-defendant was used at trial.

3.  Bill of Particulars

The district court did not abuse its discretion in denying Folsom's motion for a bill of particulars. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Folsom's claim that the government switched theories of liability during trial lacks merit. The language of the indictment encompassed a "fraud against the consumer" theory as well as a theory based on fraud against the U.S. Food and Drug Administration (FDA). The government also explicitly stated during a pre-trial hearing that it was advancing both theories. Moreover, "[f]ull discovery will obviate the need for a bill of particulars." *Id.* Although Folsom claims the government withheld certain pieces of evidence from him during discovery, the record demonstrates otherwise. Folsom cannot credibly claim to have been denied full discovery.

4.  Ineffective Assistance of Counsel

As a general rule, we do not review ineffective assistance of counsel claims

4

on direct appeal. *United States v. Benford*, 574 F.3d 1228, 1230 (9th Cir. 2009). Nonetheless, the parties request that we address the issue. We find that the record is sufficiently developed to do so. *See id.* at 1231.

Folsom argues that he suffered ineffective assistance of counsel when the government changed its theory of liability from fraud on the FDA to fraud on consumers, and Folsom's attorney failed to ask for a continuance and a new trial. The record indicates that the government's theory of liability remained consistent throughout the case. Folsom's claim that the government did not present the "fraud on the consumer" theory until after the trial had begun has no evidentiary basis. Thus, his ineffective assistance of counsel claim, which relies entirely on prejudice as a result of unfair surprise, fails.

**AFFIRMED.**