**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10279 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00161-PMP |
| v. | |
| CASEY LUCZAK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Casey Luczak appeals from the 121-month sentence imposed following his

guilty-plea conviction for wire fraud, in violation of 18 U.S.C. § 1343, and making

a false statement, in violation of 18 U.S.C. § 1001.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Luczak contends that trial counsel was ineffective. As a general rule, this court does not review claims of ineffective assistance of counsel on direct appeal. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). Luczak has not demonstrated that this is an "unusual case" justifying consideration of this contention on direct appeal. *See id.*

Luczak also contends that the district court erred by applying a two-level enhancement for use of "sophisticated means" pursuant to U.S.S.G. § 2B1.1(b)(8)(C) (2002). The district court did not err because Luczak's scheme involved "especially complex or especially intricate offense conduct" in its "execution or concealment." U.S.S.G. § 2B1.1 app. n.6(B) (2002).

Luczak further contends that the district court failed to consider his gambling addiction when it imposed his sentence and that his sentence is substantively unreasonable. The record reflects that the district court did not procedurally err, *see United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc), and that, under the totality of the circumstances, the sentence at the bottom of the guidelines range is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Carty*, 520 F.3d at 993.

**AFFIRMED.**

10-10279