MEMORANDUM **
Appellant Ricardo Daniel Rodriguez challenges his conviction for misdemeanor assault in Indian country. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court.
Rodriguez argues that his counsel was ineffective for failing to request a jury instruction covering self-defense and defense of others. We disagree. We reach this issue on direct appeal despite the general rule precluding such review because the record is sufficiently developed to determine that Rodriguez’s counsel was not ineffective. See United States v. Benford, 574 F.3d 1228, 1231 (9th Cir.2009).
Rodriguez’s action of charging Tal-bott after Talbott backed away negates any claim of self-defense or defense of others. See Ninth Circuit Model Criminal Jury Instructions, 6.8, Self-Defense; see also Williams v. Woodford, 384 F.3d 567, 610-11 (9th Cir.2004), as amended (holding that counsel need not put on a defense that is unsupported by credible evidence).
*639 Rodriguez also contends that the Magistrate Judge abused his discretion by-admitting evidence concerning the shooting of the defendant and his companion. However, the fact that Talbott used his firearm and that the assault ended only after he used it, was relevant evidence of the seriousness of the assault.” See Fed. R. Evid. 401; see also United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir.2004) (“Trial judges have wide discretion in determining whether evidence is relevant. ...”) (citation and internal quotation marks omitted).
Rodriguez argues further that there was not sufficient evidence to support the Magistrate Judge’s denial of the motion for acquittal or to support the jury’s verdict. This argument also fails because a reasonable jury could draw the inference that Talbott’s injuries resulted from wounds he sustained when Rodriguez tackled, choked, and wrestled Talbott. See United States v. Rosales, 516 F.3d 749, 752 (9th Cir.2008) (“Viewing the evidence in the light most favorable to the prosecution requires us to presume that the trier of fact resolved any conflicting inferences in favor of the prosecution.”) (citation, alterations, and internal quotation marks omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.