**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50527 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00467-JFW |
| v. | |
| ELEUTERIO LOPEZ, a.k.a. Jacinto Lopez-Corona, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Eleuterio Lopez appeals from the district court's judgment and challenges

the 120-month sentence imposed following his guilty-plea conviction for aiding

and abetting the distribution of methamphetamine, in violation of 18 U.S.C. § 2(a)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that this appeal should be dismissed because Lopez waived his right to appeal his sentence.  We review the enforceability of the appeal waiver de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), and decline to enforce it because it is unclear whether the waiver encompasses the issues Lopez raises on appeal, *see id.* at 986 ("Plea agreements are interpreted using contract principles with any ambiguity construed in the defendant's favor.").

Lopez contends that the district court erred in concluding that he was ineligible for safety-valve relief.  We review the district court's factual determination of safety-valve eligibility for clear error.  *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007).  The district court did not clearly err because the record reflects that Lopez failed to give truthful and complete information about when he became involved in the offense.  *See* 18 U.S.C. § 3553(f)(5); *Mejia-Pimental*, 477 F.3d at 1105.

Lopez also contends that his attorney rendered ineffective assistance by failing to seek a continuance of the sentencing hearing in order to prove Lopez's eligibility for safety-valve relief under 18 U.S.C. § 3553(f).  We decline to address

this contention on direct appeal.  *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

**AFFIRMED.**