**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30208 |
| Plaintiff-Appellee, | D.C. No.<br>4:14-cr-06014-EFS-1 |
| v. | |
| VICTOR MANUEL ANGULO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted December 7, 2016
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

Victor Angulo appeals his conviction for violating 18 U.S.C. § 922(g)(1).

Angulo claims that the jury verdict form was fatally ambiguous and that he

received ineffective assistance of counsel.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.     Angulo waived review of his challenge to the formulation of the jury verdict form under the invited error doctrine.  "If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable."  *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).  Angulo invited error by concurring in the verdict form and rejecting a different "break-out" verdict form proposed by the district court judge.  *See United States v. Kaplan*, 836 F.3d 1199, 1217 (9th Cir. 2016) (holding a defendant may invite error by "affirmatively approv[ing]" jury instructions and a verdict form).  The parties and the court specifically discussed the verdict form and Angulo accepted it after the judge asked both parties to address the possibility of ambiguity in the form.  *See Perez*, 116 F.3d at 845 (concluding waiver exists where "the defendant considered the controlling law, or omitted element, and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction"); *see also United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) (treating verdict forms like jury instructions because "[v]erdict forms are, in essence, instructions to the jury").  Because Angulo's trial counsel waived review of his challenge to the jury verdict form, we decline to review this claim.

2.     We also decline to review Angulo's pro se ineffective assistance of counsel

claim because it is premature on direct appeal. This court considers claims of ineffective assistance of counsel on direct appeal only under two "extraordinary exceptions," neither of which applies here. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)); *United States v. Baldwin*, 987 F.2d 1432, 1437 (9th Cir. 1993) ("Claims of ineffective assistance of counsel in federal criminal trials customarily are addressed on collateral attack under 28 U.S.C. § 2255, rather than for the first time on appeal.").

**AFFIRMED.**