**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>OMAR FUENTES ALARCON, AKA Omar Alarcon Fuentes,<br><br>Defendant-Appellant. | No. 15-30196<br><br>D.C. No.<br>1:14-cr-02071-TOR-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>OMAR ALARCON FUENTES, AKA Omar Fuentes Alarcon, AKA Omar Ramales Quintero,<br><br>Defendant-Appellant. | No. 15-30198<br><br>D.C. No.<br>2:13-cr-00125-TOR-2 |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 9, 2017
Seattle, Washington

Before:  FISHER, PAEZ, and CALLAHAN, Circuit Judges.

A jury convicted Omar Fuentes ("Fuentes") of knowingly distributing over 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  The district court denied his subsequent motions for a judgment of acquittal and for a new trial, concluding that the evidence was neither insufficient nor erroneously admitted.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In the context of a Rule 29 motion for a judgment of acquittal, we review de novo the sufficiency of the evidence.  *United States v. Nevils*, 598 F.3d 1158, 1163-65 (9th Cir. 2010) (en banc); Fed. R. Crim. P. 29(c).  We must reject Fuentes's sufficiency challenge if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Denial of a Rule 33 motion for a new trial is reviewed for abuse of discretion.  *United States v. French*, 748 F.3d 922, 934 (9th Cir. 2014); Fed. R. Crim. P. 33.  The district court's "power to grant a motion for a new trial is much

broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

**1**. The district court did not err in denying Fuentes's motion for a judgment of acquittal. There was ample evidence to support the jury's verdict. Namely, Deputy Hause testified that Fuentes confessed to distributing a pound of methamphetamine on the date in question. We assume, as we must, that the jury resolved any conflicts in the evidence in favor of the prosecution. *Nevils*, 598 F.3d at 1164.

**2**. As to the motion for a new trial, none of Fuentes's arguments are persuasive. First, the parties presented conflicting witness testimony about whether Fuentes invoked his right to remain silent under *Miranda v. Arizona,* 384 U.S. 436 (1966), when Deputy Hause interrogated him. It was therefore for the district court to determine the credibility of the witnesses, and resolve any conflicts. We decline to disturb that determination in the absence of any identifiable error. *United States v. Bhagat*, 436 F.3d 1140, 1146 n.3 (9th Cir. 2006) ("It is the province of the trier of fact 'to determine the credibility of

3

witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" (quoting *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1114 (9th Cir. 2000))).

Second, the district court did not abuse its discretion in allowing the prosecutor to admit Fuentes's statements to Deputy Hause. The statements were used to prove the quantity, price, and source of the methamphetamine, not as propensity evidence. *See United States v. Melvin*, 91 F.3d 1218, 1222-23 (9th Cir. 1996); Fed. R. Evid. 404(b).[1]

Third, the Government did not commit prosecutorial misconduct in eliciting testimony of Fuentes's statements to Deputy Hause. On the first day of trial, defense counsel raised the Rule 404(b) issue (again) and the district court ruled that the statements were admissible.[2]

Finally, we decline to consider Fuentes's ineffective assistance of counsel argument. Generally, we do not review ineffective assistance of counsel claims on direct appeal unless one of two "extraordinary exceptions" applies: either 1) the

---

[1] We review de novo whether evidence falls within the scope of Rule 404(b) of the Federal Rules of Evidence, which prohibits propensity evidence. *United States v. DeGeorge*, 380 F.3d 1203, 1219 (9th Cir. 2004).

[2] We review de novo whether any prosecutorial misconduct occurred. *United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 36 (2016).

record is sufficiently developed, or 2) counsel was obviously ineffective. *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). Neither exception applies here.

**AFFIRMED**.