NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ELIZABETH GONZALEZ,<br><br>Defendant-Appellant. | No.  17-50292<br><br>D.C. No.<br>3:16-cr-03036-MMA-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted October 9, 2018**
Pasadena, California

Before:  SCHROEDER, M. SMITH, and NGUYEN, Circuit Judges.

A jury convicted Elizabeth Gonzalez of importing cocaine and heroin into

the United States in violation of 21 U.S.C. §§ 952, 960.  Gonzalez drove a car to

the United States-Mexico border with a hidden compartment containing the

narcotics.  The central issue at trial was whether Gonzalez knew that the narcotics

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

were in the car, which she claimed were put there by her fiancé.

On appeal, Gonzalez alleges that trial counsel was ineffective for failing to present expert testimony about her gullibility at the trial, rather than at the sentencing stage. Instead of an expert, defense counsel called Gonzalez's sister to testify that Gonzales was "gullible, naïve, and immature for her age." At the sentencing, however, trial counsel presented an expert opinion that Gonzalez's low verbal comprehension and working memory scores showed that she is easily influenced by others. Gonzalez also faults her trial counsel for arranging a meeting with the prosecutor before trial, calling her as the first witness in the defense case, and presenting an inadequate opening statement and closing argument.

Generally, "we do not review ineffective assistance of counsel claims on direct appeal." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). As we explained in another case in which mental health was at issue, direct appellate review is not appropriate because "defense counsel has not had an opportunity to explain his actions" and "[t]he record is also undeveloped with regard to [defendant's] purported mental health defense, as the government has not conducted its own psychological evaluation." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010). Nor was counsel's representation "so inadequate that it obviously denie[d]" Gonzalez her Sixth Amendment right to counsel. There may have been strategic reasons behind counsel's decisions before and during trial.

*Benford*, 574 F.3d at 1231 (internal quotations omitted).  Therefore, this is not "an exceptional case that merits review on direct appeal."  *United States v. Alferahin*, 433 F.3d 1148, 1160 n.6 (9th Cir. 2006).

**AFFIRMED.**