**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10188 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00620-RMW-1 |
| v. | |
| HUGO VALVERDE-RUMBO, AKA Hugo Osvaldo Valverde-Rumbo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10415 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00620-BLF-1 |
| v. | |
| HUGO VALVERDE-RUMBO, AKA Hugo Osvaldo Valverde-Rumbo, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted January 15, 2019
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District Judge.

Hugo Valverde-Rumbo appeals from the district court's denial of his motion to dismiss the indictment and his motion for a new trial. We review de novo the denial of a motion to dismiss an indictment brought pursuant to 8 U.S.C. § 1326. *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). We review for abuse of discretion the denial of a motion for a new trial made on the ground of newly discovered evidence. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Valverde-Rumbo was indicted for illegal reentry under 8 U.S.C. § 1326. He has a due process right to challenge the validity of the removal order underlying the charge because the order serves as a predicate element for his conviction. *See United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (citing *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004)). Among other

---

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

requirements, Valverde-Rumbo must demonstrate that he was prejudiced by a due process violation in the proceedings underlying his removal order. *Id.* (citing *Ubaldo–Figueroa*, 364 F.3d at 1048). To show prejudice, Valverde-Rumbo must (1) identify "a form of relief for which [he] was eligible to apply," and (2) establish "that it was 'plausible' that, but for the due process violation, [he] would have been permitted to apply for, and would have obtained, such relief." *Cisneros-Rodriguez*, 813 F.3d at 761.

After an evidentiary hearing, the district court concluded that Valverde-Rumbo's due process rights were violated because the immigration officer obtained invalid waivers of his right to a hearing and right to counsel. However, it concluded that Valverde-Rumbo was not prejudiced by the violations. We agree. Valverde-Rumbo argues that he would have applied for and obtained a U-visa, a "form of hardship relief available to victims of crimes who have suffered mental or physical abuse and are helpful to law enforcement officials in prosecuting or investigating the crime." *Cisneros-Rodriguez*, 813 F.3d at 753. To be eligible for a U-visa, Valverde-Rumbo needed to obtain a waiver of inadmissibility, which is granted if doing so is in "the public or national interest." 8 C.F.R. § 212.17(b)(1). In cases "involving violent or dangerous crimes," a waiver may only be granted "in extraordinary circumstances." *Id.* § 212.17(b)(2). The record before the district

3

court, when it denied Valverde-Rumbo's motion to dismiss, does not persuade us that he plausibly would have been granted a waiver.

## II.

Valverde-Rumbo was convicted of illegal reentry after a bench trial. He then timely moved for a new trial based on newly discovered evidence. As a threshold matter, the government argues that Valverde-Rumbo's motion is procedurally improper. We assume, without deciding, that the motion is proper because we conclude that Valverde-Rumbo's proffered new evidence would not have resulted in a different outcome. His new expert declaration cites the equities in his favor and identifies several applicants with felony convictions who also have been granted waivers. However, many crimes of varying seriousness are felonies, and we must "focus on whether aliens with similar circumstances received relief." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013). Valverde-Rumbo's new evidence fails to identify aliens in comparable factual circumstances (e.g., convicted of assault with intent to rape) who have been granted waivers. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1070 (9th Cir. 2018). Accordingly, even with the new evidence, Valverde-Rumbo has not plausibly shown that he would have been granted a waiver, and the district court therefore did not abuse its discretion in denying Valverde-Rumbo's motion for a new trial.

## III.

Valverde-Rumbo raises two additional arguments for the first time on appeal. First, he argues that his trial counsel provided ineffective assistance. We generally do not review ineffective assistance of counsel claims on direct appeal. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009). We have recognized "two extraordinary exceptions" to this general rule: (1) where the record is "sufficiently developed to permit determination of the issue," or (2) "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005)). Because neither exception applies, we decline to review the claim. Second, Valverde-Rumbo argues that the immigration judge lacked jurisdiction to issue the removal order underlying his conviction, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). This argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019).

**AFFIRMED**.