NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-30017 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00147-DLC-1 |
| v. | |
| CHARLES EUGENE VENDITTI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted April 16, 2021**
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,***
District Judge.

Charles Eugene Venditti appeals his jury conviction for five counts related

to methamphetamine possession and distribution.  The parties are familiar with the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***       The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

We review for plain error unpreserved claims of juror bias and other issues raised for the first time on appeal. Fed. R. Crim. P. 52(b); *United States v. Olano*, 62 F.3d 1180, 1187–88, 1192 (9th Cir. 1995). Ineffective assistance of counsel claims are reviewed de novo. *United States v. Benford*, 574 F.3d 1228, 1230 (9th Cir. 2009).

Venditti first contends that he was deprived of his right to an impartial jury. *See United States v. Olsen*, 704 F.3d 1172, 1188–89 (9th Cir. 2013). He argues that Juror 2 exhibited actual, implied, and *McDonough*-style bias. *Id.* at 1189. Venditti further argues that Juror 2 poisoned the jury because she spent the first day of trial with the other jurors and returned to the jury room on the second day of trial until being dismissed. Because Venditti's trial counsel did not raise a challenge to this juror—and, in fact, agreed with the court and government that Juror 2 should be excused after Juror 2 informed the court of her personal knowledge of Venditti—we review for plain error. *See* Fed. R. Crim. P. 52(b); *Olano*, 62 F.3d at 1187–88. Even assuming that Juror 2 was dishonest during voir dire or biased, Venditti has not met his burden to establish that allowing the trial to proceed affected the trial's outcome and therefore that there was plain error: Juror 2 was excused and took no part in deliberations, and there is no evidence that she

2

shared with other jurors the prejudicial information that she had about Venditti's criminal history. *Cf. United States v. Mitchell*, 568 F.3d 1147, 1154 (9th Cir. 2009) ("[W]here the evidence of juror bias is weak, and neither party challenged the juror for cause, it is not error for the district court to allow the juror to serve at trial."). Any error does not rise to the level of structural error. *See Olano*, 62 F.3d at 1189.

Venditti also argues that he was denied his statutory and constitutional right to be present at a critical stage of the trial due to his absence at the in-chambers sidebar where Juror 2 was questioned. *See* Fed. R. Crim. P. 43(a); *Campbell v. Wood*, 18 F.3d 662, 671 (9th Cir. 1994) (en banc). However, Venditti's trial counsel did not object to Venditti's absence, and Venditti fails to point to anything in the record indicating that he was actively denied presence at the sidebar—in fact, on the morning of the first day of trial, the court advised Venditti that he was "welcome to be present at sidebar" anytime unless Venditti chose to stay seated. Even if conducting continued voir dire out of Venditti's earshot contravened Fed. R. Crim. P. 43(a)(2) and his constitutional right, here too Venditti fails to establish prejudice under plain error review: it is unlikely that his presence would have yielded any different result at sidebar and, in any case, Juror 2 was excused. *See* Fed. R. Crim. P. 52(b); *Olano*, 62 F.3d at 1187–88; *see also United States v. Reyes*, 764 F.3d 1184, 1193 (9th Cir. 2014) (violation of Rule 43(a)(2) harmless where

3

evidence of guilt is overwhelming). Venditti's claim that his trial counsel would have moved for a mistrial had Venditti voiced concerns about jury tainting during the sidebar is best treated as a claim for ineffective assistance of counsel, which we do not address here.

Finally, Venditti argues that he was denied his right to effective assistance of counsel because his trial counsel did not request his presence at sidebar or move for a mistrial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We generally review ineffective assistance of counsel claims on direct appeal only under two extraordinary circumstances: when the record is sufficiently developed to permit review of the issue, or when legal representation is so inadequate that it obviously denies the Sixth Amendment right to counsel. *Benford*, 574 F.3d at 1231. Neither of these circumstances is present here.

**AFFIRMED.**