**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

AMR MOHSEN,
  *Defendant-Appellant.*

No. 07-10059

D.C. No.
CR-03-00095-WBS

OPINION

Appeal from the United States District Court
for the Northern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted
August 31, 2009—San Francisco, California

Filed November 25, 2009

Before: Betty B. Fletcher and Andrew J. Kleinfeld,
Circuit Judges, and Kevin Thomas Duffy,* District Judge.

Per Curiam Opinion

*The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

15591

## COUNSEL

Dennis P. Riordan, Riordan & Horgan, San Francisco, California, for the appellant.

Amber S. Rosen, Assistant United States Attorney, San Jose, California, for appellee.

## OPINION

PER CURIAM:

On February 27, 2006, Amr Mohsen was convicted by a jury of conspiracy, three counts of perjury, subornation of perjury, eight counts of mail fraud, obstruction of justice, and contempt of court. On March 15, 2006, Amr Mohsen was convicted by the same jury (in Phase II of his bifurcated trial) of witness tampering and solicitation to commit arson. He appeals his conviction on a multitude of grounds. We reject his arguments for the reasons given below.

I.   Jury Instructions

Mohsen's first contention is that the district court committed reversible error because it did not instruct the jury on sub-

stantive patent law. Defense counsel, however, failed to propose an instruction on patent law at trial. Therefore, we review for plain error. *United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995); *United States v. Krasn*, 614 F.2d 1229, 1235 (9th Cir. 1980).

**[1]** Mohsen argues that in order to understand the element of materiality in the various perjury and fraud charges against him, the jury needed an instruction on substantive patent law. Mohsen is incorrect. This is not a patent case. This is a perjury and fraud case. The judge correctly instructed the jury on the materiality element of the perjury and fraud charges. *United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003). Moreover, the jury heard sufficient unchallenged expert testimony regarding the substance of patent law and of the underlying dispute to understand and ultimately convict Mohsen of the perjury and fraud charges. *See United States v. Pree*, 408 F.3d 855, 873 (7th Cir. 2005).

## II.   Motion to Sever the Trial

**[2]** Mohsen asserts that the district court abused its discretion by denying Mohsen's motion to sever the trial and order a separate trial of Counts 21-23. The test for abuse of discretion for failure to sever a trial is "whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006) (quotation marks and citation omitted); *see also United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) ("The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged."). Here, there was no use of the Phase II counts or evidence in the Phase I proceedings, and the bifurcation process was not so manifestly prejudicial as to require reversal.

## III.   Constructive Amendment

**[3]** Mohsen argues that the prosecutor's closing argument constructively amended the indictment in violation of Moh-

sen's Fifth Amendment rights. Because defense counsel did not raise this objection at trial, Mohsen's claim is reviewed for plain error. *United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir. 2001). There is no plain error here. The prosecutor's mention of the "Lobo notes" in the closing argument did not change the terms of the indictment, nor did it offer an alternative factual basis for conviction so as to prejudice Mohsen's substantial rights. *See United States v. Adamson*, 291 F.3d 606, 614-15 (9th Cir. 2002); *Dipentino*, 242 F.3d at 1094.

IV.    The Jury Note

**[4]** Mohsen contends that the judge should have consulted the parties or counsel before responding to the jury's request to see the indictment with the "specific charges." He is correct. The judge erred. However, the error was harmless beyond a reasonable doubt. *United States v. Barragan-Devis*, 133 F.3d 1287, 1289 (9th Cir. 1998). The parties had previously agreed not to give the jury the indictment. The verdict form gave the jury the information the indictment would have given them, without the charges that were not before them. As the district judge made clear in a subsequent discussion with counsel, he thought that the jury had asked for the indictment only because there had been a delay in taking the instructions and verdict form to the jury room. The district court stated, "it was obvious . . . that if the jury would just take one look at the verdict form that they hadn't seen by the time they wrote the note, they would have been able to see what the specific charges are, because they are differentiated in the verdict form."

**[5]** Mohsen argues that answering a jury question or request without first consulting defendant's counsel is structural error always requiring reversal. That is incorrect. The judge's failure to consult the parties before refusing the jury's request to see the indictment was trial error. The cases Mohsen cites regarding structural error are distinguishable. In

*Musladin v. Lamarque*, 555 F.3d 830 (9th Cir. 2009), we upheld under AEDPA a state court's decision that a trial judge's response to a jury note asking for "amplification" of a jury instruction was not a "critical stage" of the trial process for purposes of determining whether the error was structural. We never suggested that all errors regarding jury communications during deliberations were subject to automatic reversal. Unlike the communication in *Musladin*, the jury note here was not a question about the law governing the jury's deliberations.

**[6]** Mohsen also cites to *United States v. Benford*, 574 F.3d 1228 (9th Cir. 2009). *Benford* holds, in the context of direct review of an ineffective assistance of counsel claim, that a pre-trial status conference was not a "critical stage" of the trial. *Id.* at 1232. Mohsen appears to rely on *Frantz v. Hazey*, 533 F.3d 724, 743 (9th Cir. 2008) (en banc), which *Benford* cites in passing. *Frantz*, however, concerned a note from the jury about evidence that had not been admitted at trial. *See id.* at 741-42. The communication here, by contrast, made no substantive inquiry about the facts or the law.

In *United States v. Rosales-Rodriguez*, 289 F.3d 1106, 1110 (9th Cir. 2002), we applied harmless error analysis to a trial judge's ex parte unsolicited note to the jury with a supplemental instruction regarding the substitution of an alternate juror. In *Barragan-Devis*, 133 F.3d at 1289, we applied harmless error analysis to the trial judge's lack of response to a jury note. In *United States v. Frazin*, 780 F.2d 1461, 1469 (9th Cir. 1986), we applied harmless error analysis where a trial judge responded to a jury note communicating deadlock with an ex parte instruction to continue deliberations.

V.   Insufficient Evidence Claim

**[7]** Mohsen argues that there was insufficient evidence to support his perjury conviction because his answers to the questions posed were "literally true" but misleading. We

reject this argument. There was sufficient evidence for the jury to conclude that Mohsen understood the question as it was asked, and intentionally lied. *United States v. Camper*, 384 F.3d 1073, 1076 (9th Cir. 2004).

VI.   Contempt of Court Conviction

Mohsen was convicted for contempt of court for applying for a new passport to flee the country in violation of his conditional pre-trial release. Mohsen argues this conviction should be set aside for three reasons.

First, Mohsen argues that the conviction should be set aside because the contempt prosecution was initiated by the grand jury's indictment, not by the judge who set the conditions of his release. This is incorrect. Both the trial court and the grand jury have power to bring contempt proceedings under 18 U.S.C. § 3148 and 18 U.S.C. § 401. *See, e.g.*, *United States v. Armstrong*, 781 F.2d 700, 703-04 (9th Cir. 1986); *Steinert v. U.S. Dist. Ct. for the Dist. of Nevada*, 543 F.2d 69, 70-71 (9th Cir. 1976).

**[8]** Second, Mohsen argues that the district court abused its discretion by admitting into evidence a note found in Mohsen's jail cell that had his wife's name at the top and no mailing address. The note was uncovered in a box of documents under a desk when the government executed a warrant to search Mohsen's jail cell for evidence of witness tampering, solicitation of a crime of violence, and obstruction of justice, and to seize notes and documents related to faking a psychological disorder or incompetence. Mohsen claims that the note is covered by the marital privilege, and that the search itself was conducted in violation of *Massiah v. United States*, 377 U.S. 201 (1964). Both of Mohsen's arguments are incorrect. The marital privilege does not apply because, as the district court found, Mohsen had presented "no evidence whatsoever" that he intended to deliver the message to his wife. *See also United States v. Montgomery*, 384 F.3d 1050, 1056-57 (9th

Cir. 2004). Nor did the search and seizure violate *Massiah*. The search and seizure warrant was justified by an affidavit that noted statements made to the undercover informant concerning illegal activities with which the defendant had not yet been charged, and the objects to be searched for and seized all related to potential criminal acts that had not yet been charged. That the police inadvertently found evidence relating to the contempt charge during the search and seizure does not invalidate the search warrant. *See United States v. Ewain*, 88 F.3d 689, 693 (9th Cir. 1996).

**[9]** Finally, Mohsen argues that there was insufficient evidence for the jury to find beyond a reasonable doubt that Mohsen applied for a passport. We disagree. In addition to the evidence that Mohsen had made reservations for overseas travel requiring a passport, that he had gone to the consulate, and that in his car he had copies of the necessary documents to obtain a passport, the note found in his jail cell made specific reference to a "2004 application" for an Egyptian passport. We conclude that there was sufficient evidence for a jury to find beyond a reasonable doubt that Mohsen had applied for a new passport.

## VII. Improper Vouching

**[10]** Mohsen correctly contends that the prosecutor improperly vouched during the closing argument of Phase I. Because the defense did not object at trial to the prosecutor's comments, the prosecutor's vouching is reviewed for plain error. *United States v. Williams*, 989 F.2d 1061, 1071-72 (9th Cir. 1993). We find that the prosecutor's rhetorical use of the phrase "I think" did not constitute reversible error.

**[11]** Mohsen also argues that the prosecutor violated the advocate-witness rule and engaged in improper vouching in Phase II of the trial. Because Mohsen did not raise this objection to the district court, the claim is reviewed for plain error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.

2000). The prosecutor's conduct in Phase II did not constitute vouching or violate the advocate-witness rule. The prosecutor did not suggest that her questions or closing argument were based on private knowledge or anything other than the evidence presented at trial. *Cf. United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991). Moreover, given the weight of tape-recorded evidence supporting the Phase II convictions, there is no plain error. *Id.*

VIII.    Ineffective Assistance of Counsel

Mohsen argues that his trial counsel's failure to request an instruction on the underlying substantive patent law constituted ineffective assistance of counsel. Mohsen also argues that his Phase II convictions should be overturned for ineffective assistance of counsel. "Ineffective assistance claims, however, are ordinarily left for collateral habeas proceedings due to the lack of a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (internal quotation marks and citation omitted). Here, the record is not sufficiently developed and Mohsen's counsel was not so inadequate as to deny Mohsen his Sixth Amendment right to counsel. We therefore decline to consider Mohsen's ineffective assistance claims on direct appeal.

IX.   Sentencing Enhancement

[12] Mohsen argues that the district court erred at sentencing in calculating the amount of loss attributable to his fraudulent scheme. We disagree. There was sufficient evidence to justify the district court's conclusion that Mohsen intended his scheme to cause losses totaling more than forty million dollars. Thus, under the 1998 guidelines, the 17 point upward sentence enhancement was appropriate. U.S.S.G. § 2F1.1(b)(1)(R) (1998).

## X.   Request for Remand

**[13]** Mohsen contends that this Court should remand this case for a renewed motion for new trial on the grounds that he was deprived of his right to counsel of his choice. We disagree. The district court did not abuse its discretion when it rejected (after briefing and a hearing on conflict of interest issues) Mohsen's choice of substitute counsel due to the substitute attorney's conflict of interest. *See Miller v. Blacketter,* 525 F.3d 890, 895 (9th Cir. 2008) ("A defendant does not have the right to be represented by . . . an attorney with a conflict of interest . . . ."). Nor did the district court abuse its discretion in refusing to grant a three month continuance requested by Mohsen's second choice of substitute counsel, even where the attorney decided not to take the appointment because of the court's decision. The district court did not deny the substitution of the second counsel chosen, but exercised its discretion to deny the continuance requested by that attorney. The district court has broad discretion to grant or deny motions for continuances. *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1991). Mohsen's request that we remand for a renewed retrial hearing with new counsel is denied.

## XI.   Spillover prejudice

Mohsen argues that if any of his convictions in Phase I are vacated, his convictions in Phase II must also be vacated due to "the risk of prejudicial spillover." Because we affirm all of Mohsen's Phase I convictions, we do not reach this question.

**AFFIRMED.**