FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30443 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00207-KI |
| v. | |
| MICHAEL THOMAS COTTRELL, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted February 4, 2010 [**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Michael Cottrell pleaded guilty to one count of unarmed bank robbery in

violation of 18 U.S.C. § 2113(a) and now appeals the forty-six-month sentence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

imposed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the sentence.

Cottrell elected to represent himself during the sentencing proceedings and submitted three sets of objections to the presentence investigation report (PSR). Many of these objections related to the allegedly-inaccurate narrative descriptions of his prior criminal convictions. Cottrell requested copies of the police reports that had been used to compile the PSR. His aim was to demonstrate the inaccuracies that he perceived, but the district court denied that request. Cottrell also objected to the limitations he faced, as an in-custody defendant, on access to legal phone calls, photocopies, the law library, and other legal materials.

Cottrell first argues that the performance of his advisory attorney violated Cottrell's Sixth Amendment right to the effective assistance of counsel by not procuring the police reports for Cottrell. Ineffective assistance claims are generally not reviewed on direct appeal because they usually lack "a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Mohsen*, 587 F.3d 1028, 1033 (9th Cir. 2009). Here, there is no record of the efforts that Cottrell's advisory counsel made in response to

Cottrell's requests, so the record is insufficient to permit review. We therefore decline to consider the ineffective assistance claim on direct appeal. *Id.*[1]

Cottrell's second claim is that the district court violated his due process rights by denying his motion to discover the police reports. Under *Brady v. Maryland*, 373 U.S. 83 (1963), Cottrell had a right to the police reports if they were material and favorable to him. *Id.* at 87. The police reports are material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Even if these reports might be considered in any degree exculpatory or favorable to Cottrell, Cottrell has not shown that the police reports were material to the sentence he received. The district court considered Cottrell's objections to the narrative descriptions of his prior convictions, and said that "none of them would affect the advisory guideline calculations or [Cottrell's] sentence, and they are based on factual information." The district court accepted the existence of the convictions, but did not rely on the

---

[1] Because we decline to consider the ineffective assistance claim for want of an adequate record on direct appeal, we have no occasion to decide whether a Sixth Amendment claim of ineffective assistance of counsel may be made with regard to the work or oversight of an "advisory" or a "standby" counsel where there is no claim that Cottrell's decision to represent himself was involuntary. *See Williams v. Stewart*, 441 F.3d 1030, 1047 n.6 (9th Cir. 2006) (per curiam) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

allegedly-inaccurate narrative descriptions in determining Cottrell's sentence under the Sentencing Guidelines or 18 U.S.C. § 3553. The narrative descriptions did not increase Cottrell's sentence, so the underlying police reports were not "material . . . to punishment" under *Brady*. *Brady*, 373 U.S. at 87. Accordingly, we reject Cottrell's second claim.

Cottrell's final claim of error is that he was denied access to legal materials and to the courts in violation of the First and Sixth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (holding the fundamental right of access to the courts means "the opportunity to prepare, serve and file whatever pleadings or other documents are necessary . . . [in] court proceedings affecting one's personal liberty") (quoting *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir. 1961), *cert. denied*, 368 U.S. 862 (1961); *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995) (discussing pro se defendant's Sixth Amendment right of access to materials to prepare a defense). There is no violation of these rights where the defendant is given reasonable access to legal tools and has the opportunity to present all of his nonfrivolous claims to the court. *Lewis*, 518 U.S. at 352–53; *Sarno*, 73 F.3d at 1491–92. Here, Cottrell complains that his rights were violated by delays in receiving his case file following transfers between detention facilities, loss of documents during transfer, limitations on legal calls, delays in receiving requested

4

photocopies, and limitations on law library access. Despite these limitations, Cottrell has not demonstrated that he was blocked from having reasonable access to legal materials necessary to his PSR objections. The district court granted Cottrell special permission to possess a copy of the PSR and assisted him in consolidating his case file and obtaining information related to his criminal history. Cottrell was appointed an investigator and two successive attorneys to act as standby and then advisory counsel. The legal materials available to Cottrell allowed him to "present [his] grievances," *see Lewis*, 518 U.S. at 360, to the district court, which overruled Cottrell's PSR objections not because they were undeveloped but because they were irrelevant to the determination of his sentence. There was no violation of Cottrell's right to access the courts.

**AFFIRMED.**