**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALFONSO ALEJANDRO GARCIA,<br><br>Defendant - Appellant. | No. 09-10304<br><br>D.C. No. 4:08-cr-00899-DCB-JJM-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: BERZON and CALLAHAN, Circuit Judges, and WOLLE, Senior District Judge.[***]

Alfonso Alejandro Garcia, convicted of three charges of illegal alien transportation, appeals the denial of his motion for mistrial based on prosecutorial misconduct during closing arguments. Garcia also contends counsel's closing argument and the jury instructions allowed the jury to return a less than unanimous

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Charles R. Wolle, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

verdict.  We address each issue in turn and affirm the district court's rulings and judgment.

In its summation, government counsel responded to the closing argument of defendant's counsel attacking the credibility of a co-conspirator, Bonnie Salvador, who had pleaded guilty and testified against Garcia.  We review *de novo* the record concerning alleged prosecutorial misconduct.  *See United States v. Norwood*, 603 F.3d 1063, 1067-68 (9th Cir. 2010).  The district court did not err in denying defense counsel's objection and a later motion for mistrial.  The challenged sentence — "She's the only one that gave a statement and that provided all the details of the offense to the agents . . . ." — was a reference to Salvador, embedded in a response to the attacks on her credibility.  In the next sentence, the prosecutor argued that: "At that point [Salvador] could have said whatever she wanted if all she cared about was benefitting herself."  Viewed in that context, this was not likely to be understood as a comment on Garcia's decision not to give a full post-arrest statement or testify at trial, but rather as emphasizing Salvador's credibility by noting that she did not deny her own culpability even when she would not be contradicted.  *See United States v. Robinson*, 485 U.S. 25, 33 (1988) ("[P]rosecutorial comment must be examined in context . . . .").

Garcia contends government counsel also improperly vouched for its witness, Salvador, during closing argument. We review this issue for plain error because it was not raised in the district court. *See United States v. Mohsen*, 587 F.3d 1028, 1033 (9th Cir. 2009). Counsel's argument supporting Salvador's credibility was consistent with the evidence and did not constitute placing the government's prestige or special knowledge behind the witness. The summation did not constitute a miscarriage of justice, as required for reversal when we review for plain error. *See United States v. Wallace*, 848 F.2d 1464, 1473 (9th Cir. 1988).

On the two-conspiracy or one-conspiracy issue, we review the record to see whether any rational juror could have found a single conspiracy beyond a reasonable doubt. *See, e.g.*, *United States v. Shabani*, 48 F.3d 401, 403 (9th Cir. 1995). We conclude the evidence, jury instructions, and government counsel's closing argument disclose no error nor abuse of discretion. Adequate evidence supported the jury's conclusion that Garcia participated in the single conspiracy that was described in the indictment and referred to in the jury instructions and in closing arguments. The district court instructed the jury it must agree unanimously on the single charged conspiracy, and Garcia did not object to the conspiracy instructions given to the jury.

AFFIRMED.

3