FILED

**NOT FOR PUBLICATION**

APR 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50082 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00532-SVW-2 |
| v. | |
| GEVORK KARTASHYAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50090 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00532-SVW-1 |
| v. | |
| ELIZA SHUBARALYAN, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted April 12, 2011[]
Pasadena, California

Before: BYBEE and M. SMITH, Circuit Judges, and DAWSON,[***] District Judge.

Defendants-Appellants Gevork Kartashyan and Eliza Shubaralyan timely appeal their jury convictions for health care fraud in violation of 18 U.S.C. § 1347, and Defendant Kartashyan appeals his jury conviction for conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We affirm.

Reviewing de novo, *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010), we hold that the district court properly denied Defendants' motion under Federal Rule of Criminal Procedure 29 regarding the health care fraud charges. Viewing the evidence in the light most favorable to the government, a reasonable juror could conclude that Defendant Kartashyan knew that the prescriptions were fraudulent because he procured them from an office that was selling fraudulent prescriptions, delivered the power wheel chairs without conducting a home assessment, failed to explain to the beneficiaries what forms they were signing, and

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

did not seek co-pay reimbursement.  *See United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) ("In ruling on a Rule 29 motion, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks omitted)).  Further, a reasonable juror could conclude that Defendant Shubaralyan knew that the prescriptions were fraudulent because she withdrew large amounts of cash from her medical supply business's bank accounts, of which she was the sole owner and through which she submitted all of the claims to Medicare; her husband and employee, Kartashyan, bought prescriptions for cash; she submitted for reimbursement 58 out of 149 prescriptions that were from two signatures for a variety of prescribers; and she did not require a 20% co-payment from the beneficiaries despite them signing paperwork that they owed the co-pay.  The jury had enough evidence to convict the Defendants on the health care fraud charges.

Reviewing for plain error, *United States v. Mohsen*, 587 F.3d 1028, 1030 (9th Cir. 2009), we reject the Defendants' argument that the district court erred by failing to sua sponte instruct the jury that the Defendants were not required to independently ascertain medical necessity.  The trial court correctly instructed the jury as to the elements of health care fraud, and instructed them that they could

3

only find the Defendants guilty on those charges. Further, when the jury submitted a question about one of the Medicare regulatory violations, the court instructed that this was not sufficient in and of itself for a finding of fraud. Accordingly, we cannot conclude on this record that the district court was required to do more or that the Defendants were prejudiced.

AFFIRMED.