NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 11-10192 |
| | ) | |
| Plaintiff - Appellee, | ) | D.C. No. 5:08-cr-00560-RMW-1 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| HASSAN ABPIKAR, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted July 8, 2014
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Hassan Abpikar appeals his conviction arising out of his false statements in

his Application for Naturalization filed with the United States Citizenship and

Immigration Services (CIS), an agency which is a component of the Department of

Homeland Security, and at a subsequent interview with a CIS adjudication officer.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

See 18 U.S.C. §§ 1001(a)(1), 1015(a), 1621.  We affirm.

(1)   Abpikar first argues that the evidence on certain counts[1] was insufficient to support the verdicts.[2]  We have carefully reviewed the record and hold that the evidence sufficiently supports the convictions under § 1001(a) (Counts One and Four).  See United States v. White Eagle, 721 F.3d 1108, 1117 (9th Cir. 2013); United States v. Boone, 951 F.2d 1526, 1544 (9th Cir. 1991).  It similarly supports the convictions under § 1621 (Counts Three and Six).  See United States v. McKenna, 327 F.3d 830, 838 (9th Cir. 2003).  Abpikar's argument that his statements were non-responsive but literally true[3] is otiose because, in fact, the record shows that they were responsive and literally false.[4]  To the extent that there could be any doubt about Abpikar's understanding of the questions, the jury was entitled to, and did, resolve that issue against him.  See Nevils, 598 F.3d at

---

[1]Counts One, Three, Four, and Six.

[2]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); United States v. Nevils, 598 F.3d 1158, 1163–65 (9th Cir. 2010) (en banc); see also United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002); United States v. Flyer, 633 F.3d 911, 917 (9th Cir. 2011).

[3]See Bronston v. United States, 409 U.S. 352, 352–53, 93 S. Ct. 595, 597, 34 L. Ed. 2d 568 (1973).

[4]See United States v. Thomas, 612 F.3d 1107, 1115–17 (9th Cir. 2010); United States v. Culliton, 328 F.3d 1074, 1079 (9th Cir. 2003) (per curiam); United States v. Matthews, 589 F.2d 442, 444 (9th Cir. 1978).

1170; United States v. Mohsen, 587 F.3d 1028, 1032 (9th Cir. 2009) (per curiam).

(2)     Abpikar then asserts that the charges in the superseding indictment arising out of his Application (Counts One through Three) were barred by the five year statute of limitations. See 18 U.S.C. § 3282(a). Not so. That statute began to run when the false Application was submitted to the government, for that is when the crime became complete. See United States v. Smith, 740 F.2d 734, 736 (9th Cir. 1984); see also Toussie v. United States, 397 U.S. 112, 115, 90 S. Ct. 858, 860, 25 L. Ed. 2d 156 (1970). Here, CIS received the Application on November 24, 2004, and the superseding indictment was filed on November 24, 2009; it was timely. The fact that Abpikar signed the Application months before it was received by CIS is of no moment; there is no evidence that it was mailed or otherwise submitted before November 24, 2004.

(3)     Abpikar next asserts that the indictment is multiplicitous because the second set of false statements to the CIS adjudication officer (Counts Four, Five and Six) were the same as those on the Application (Counts One, Two and Three). See United States v. Olsowy, 836 F.2d 439, 442 (9th Cir. 1987); see also United States v. Stewart, 420 F.3d 1007, 1013–14 (9th Cir. 2005). Again, on the basis of this record, we disagree. Here, when the Application, with its false statements, was filed, it initiated a process that included investigations and review for the purpose

3

of obtaining further documents. See, e.g., 8 C.F.R. § 335.1; 8 C.F.R. § 335.2(b). The next level of review, which occurred several months later, was by the adjudication officer. The basic questions remained the same, but the questioner was different and a new, more-serious stage of the process was being undertaken. That examination could have resulted in an immediate grant of the Application by the adjudication officer. See 8 C.F.R. § 335.3. Even if Abpikar then told the same untruths, those "further impaired the operations of the government." United States v. Salas-Camacho, 859 F.2d 788, 791 (9th Cir. 1988). Moreover, Abpikar omitted an encounter with law enforcement that occurred after he had submitted the Application, and, therefore, breached a renewed duty to be truthful. See United States v. Awad, 551 F.3d 930, 937–38 (9th Cir. 2009). There was no error, much less plain error.

(4) Abpikar then claims that the superseding indictment should have been dismissed because the Speedy Trial Act[5] was violated when his trial did not commence within the required seventy-day period.[6] He focuses on a continuance that was granted on August 16, 2010, and insists that the continuance was due to court congestion, which is an inappropriate ground. See 18 U.S.C.

---

[5]See 18 U.S.C. §§ 3161–74.

[6]Id. § 3161(c)(1).

§ 3161(h)(7)(C). However, the record indicates that the continuance was based on the fact that relatively new defense counsel was still receiving discovery and needed more time to prepare. Indeed, counsel stipulated to the need for that extra time, and never withdrew from that stipulation or asserted that the contrary was true. See United States v. Shetty, 130 F.3d 1324, 1328–29 (9th Cir. 1997); United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir. 1994). The district court did not err. See United States v. Murillo, 288 F.3d 1126, 1133 (9th Cir. 2002).

(5) Abpikar finally asserts ineffective assistance of trial counsel. However, we generally refuse to consider the effectiveness of trial counsel on direct appeal, and see insufficient reasons to deviate from that general rule in this case. See United States v. Liu, 731 F.3d 982, 995 (9th Cir. 2013); McKenna, 327 F.3d at 845.

AFFIRMED.