**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 14-10163 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00121-LRH-WGC-1 |
| v. | |
| BRET OGILVIE, | |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 17, 2015[**]
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges and MORRIS,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Federal Rule of Appellate Procedure 34(a)(2).

[***] The Honorable Brian M. Morris, District Judge for the U.S. District Court
for the District of Montana, sitting by designation.

Bret Ogilvie appeals his convictions for conspiracy to defraud the United States, 18 U.S.C. § 371, corruptly interfering with the IRS, 26 U.S.C. § 7212(a), and five counts of making false claims, 18 U.S.C. § 287. Ogilvie argues that (1) no rational jury could have found sufficient evidence to convict him of any count charged in the Indictment; and (2) he was denied his constitutional right to a fair trial because he did not receive complete discovery and because he was denied the ability to subpoena witnesses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

We review de novo the sufficiency of the evidence supporting a defendant's conviction. *United States v. Green*, 592 F.3d 1057, 1065 (9th Cir. 2010). This Court must affirm the conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Nevils*, 598 F.3d 1158, 1163–65 (9th Cir. 2010). Under this deferential standard, we conclude that the Government provided sufficient evidence to allow a rational trier of fact to convict Ogilvie of all counts charged in the Indictment.

II

To reverse a conviction for a discovery violation, we must find not only that the district court abused its discretion, but also that the error resulted in prejudice to substantial rights. *United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). The defendant must show a likelihood that the verdict would have been different had the Government complied with the discovery rules. *Id*. at 1398 n. 8. The Government's failure to provide information as required by *Brady v. Maryland*, 373 U.S. 83 (1963), rises to the level of constitutional error only if a reasonable probability exists that the result of the proceeding would have been different had the Government disclosed the information. *Kyles v. Whitley*, 514 U.S. 419, 434–36 (1995).

The Government conceded during trial that it had failed to produce the IRS agent's case history. Both the district court and the Government advised Ogilvie that the revenue agent remained available for additional cross-examination should Ogilvie find it necessary after having reviewed the file. At no time during the remaining day of trial did Ogilvie again raise the issue or re-call the agent to question her about the case history. Ogilvie also did not request dismissal of his case, a continuance, a new trial, or any other relief based on the Government's late production of the file. Fed. R. Crim. P. 16(d)(2).

Ogilvie has failed to allege any specific prejudice attributable to the Government's untimely production of the revenue agent's case history. Likewise, he never has claimed to have found any exculpatory evidence in the agent's case history file. Ogilvie has failed to establish any "likelihood that the verdict would have been different had the Government complied with the discovery rules" and timely provided the agent's case history. *Baker*, 10 F.3d at 1398, n.8. Accordingly, we reject this claim.

III

We review de novo ineffective assistance of counsel claims. *United States v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009). Ogilvie contends that his standby counsel's failure to subpoena witnesses deprived him of the ability to put on any defense whatsoever and denied him a fair trial.

Assuming that Ogilvie would not be foreclosed from raising this issue, the record arguably provides at least a hint of support for Ogilvie's belief that the district court had ordered standby counsel to subpoena witnesses on his behalf. The record remains silent, however, about what Ogilvie actually said or requested of his standby counsel. We cannot determine on this record whether Ogilvie's standby counsel strategically declined to subpoena any witnesses. We do, however, note that Ogilvie's witness list contained numerous witnesses who would not have had any relevant testimony to offer.

4

The Government asserts that the record proves inadequate to consider issues regarding the performance of Ogilvie's standby counsel. *United States v. Mohsen*, 587 F.3d 1028 (9th Cir. 2009). An appellate court generally should not review ineffective assistance of counsel claims on direct appeal because they usually lack "a sufficient evidentiary record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id*. at 1033. An evidentiary hearing would be required to establish these facts.

Without additional evidentiary support, Ogilvie likely cannot show prejudice from any alleged failure of his standby counsel to subpoena witnesses on his behalf. The district court gave Ogilvie and standby counsel an opportunity to discuss the issue of calling witnesses in his defense after the Government had concluded its case in chief. Standby counsel informed the court outside the presence of the jury that three of the four witnesses whom the court would allow Ogilvie to call on short notice, in his professional opinion, were irrelevant to Ogilvie's case. The court excluded the fourth witness from testifying as irrelevant.

Even if Ogilvie's standby counsel had subpoenaed these witnesses, it remains unclear from the record whether the court would have allowed them to testify on his behalf. The Government correctly contends that the evidentiary record remains incomplete regarding the effectiveness of Ogilvie's standby counsel and we decline to further consider that claim.

5

**AFFIRMED.**