NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10375 |
| Plaintiff-Appellee, | D.C. No. 3:03-cr-00095-WBS-1 |
| v. | |
| AMR MOHSEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William B. Shubb, District Judge, Presiding

Submitted July 15, 2020**
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,*** District Judge.

Amr Mohsen was convicted of conspiracy, perjury, subornation of perjury,

mail fraud, obstruction of justice, contempt of court, attempted witness tampering,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

and solicitation to commit arson. On January 5, 2007, at sentencing, the government served a notice that it had obtained an ex parte order in January 2005 pursuant to Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. III, sealing certain documents. Mohsen's convictions were affirmed on appeal. *United States v. Mohsen*, 587 F.3d 1028, 1034 (9th Cir. 2009). The district court denied Mohsen's first 28 U.S.C. § 2255 motion in 2012, and we declined to issue a certificate of appealability. In 2017, we denied Mohsen's application for leave to file a successive § 2255 motion.

Mohsen did not challenge the sealing order at sentencing, on direct appeal, or in his two § 2255 motions. On April 6, 2018, however, Mohsen filed a motion seeking disclosure of the sealed CIPA materials, suggesting that they could support challenges to his convictions. The district court denied the motion both as "clearly untimely" and without merit. We have jurisdiction over Mohsen's appeal under 28 U.S.C. § 1291 and affirm.

1. Recognizing that he could not file a third § 2255 motion without leave of this Court, Mohsen claims that his most current filing was rather a "mere discovery motion" that "only sought disclosure of previously withheld documents." We have consistently rejected, however, attempts by "prisoners to use federal discovery for fishing expeditions to investigate mere speculation," requiring instead that a defendant "outline factual allegations in a [habeas] petition before the district court

2

will be able to determine the propriety of discovery." *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106–07 (9th Cir. 1996); *see also U.S. ex rel. Nunes v. Nelson*, 467 F.2d 1380, 1380 (9th Cir. 1972) ("Appellant is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition."). Because Mohsen did not file a habeas petition, the district court correctly denied relief.

2. Mohsen asks that if his motion "is to be construed as something other than a mere discovery motion," we should treat it as "a petition for a writ of habeas corpus under § 2241." But if construed as a habeas petition, Mohsen's motion, which sought discovery of the CIPA materials in order to assert that his "sentence was imposed in violation of the Constitution or laws of the United States," would more properly be characterized as brought under 28 U.S.C. § 2255(a), and would be a second or successive petition which could not be filed without leave from this Court. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except

as provided in section 2255.").[1]

**AFFIRMED.**[2]

---

[1]     We decline to treat Mohsen's discovery motion and appeal as an application for leave to file a second or successive habeas petition.

[2]     Mohsen's motion for judicial notice of the briefing and excerpts of record filed in his direct appeal, **Dkt. 28,** is **granted**.  His request for judicial notice of his trial and sentencing transcripts is **denied** as moot.  *See* Fed. R. App. P. 10(a)(2).