**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIRK EDWARD CAMPBELL,

            Petitioner-Appellee,

   v.

DANIEL PARAMO, Warden,

            Respondent-Appellant.

No.    19-15880

D.C. No.
2:15-cv-01986-KJM-GGH

MEMORANDUM[*]

KIRK EDWARD CAMPBELL,

            Petitioner-Appellant,

   v.

DANIEL PARAMO, Warden,

            Respondent-Appellee.

No.    19-15882

D.C. No.
2:15-cv-01986-KJM-GGH

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted November 16, 2020
San Francisco, California

Before:  NGUYEN, HURWITZ, and BRESS, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Kirk Campbell was convicted in California state court of nine drug-related offenses and being a felon in possession of a firearm. His convictions were affirmed on direct appeal. Campbell subsequently sought state habeas relief and the California Supreme Court summarily denied review. Campbell then filed a federal habeas petition under 28 U.S.C. § 2254.

The district court denied Campbell's habeas petition as to the firearm count. But it granted the petition as to the drug counts. The district court held that the state trial court erred under *Miranda v. Arizona*, 384 U.S. 436 (1966), by allowing an officer to testify about Campbell's reaction to a photograph shown to him after he invoked his *Miranda* rights, and later violated the Sixth Amendment by failing to alert defense counsel to the jury's request for certain information. The district court held that neither error was prejudicial on its own, but that the errors were cumulatively prejudicial. California appeals the grant of habeas relief as to the drug counts. Campbell cross-appeals the denial of habeas relief as to the firearm count. We review de novo a district court's decision to grant or deny a habeas petition. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). We reverse in part and affirm in part.

1.     Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Campbell must show that the state court's denial of relief was "contrary to, or involved an unreasonable application of, clearly established Federal law as

2

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). When, as here, "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Under AEDPA's deferential standard of review, the district court erred in granting Campbell habeas relief as to the drug counts. We will assume that the state trial court violated Campbell's *Miranda* and Sixth Amendment rights, and that those constitutional violations were clearly established for purposes of AEDPA. Even with those assumptions, the California Supreme Court could have reasonably concluded that the asserted errors were harmless, both on their own and cumulatively.

Both alleged errors are subject to harmless error review. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (*Miranda* violations); *United States v. Mohsen*, 587 F.3d 1028, 1032 (9th Cir. 2009) (per curiam) (harmless error review applies to *ex parte* response to jury communication that "made no substantive inquiry about the facts or the law"). A constitutional error in this context is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Larson v. Palmateer*, 515 F.3d 1057, 1064 (9th Cir. 2008) (citing *Brecht*, 507 U.S. at 623). But under AEDPA, our review is "'more forgiving' to state court

3

errors than the harmless error standard the Supreme Court applies on its direct review of state court convictions." *Id.* (citing *Fry v. Pliler*, 551 U.S. 112, 116 (2007)). We cannot grant relief unless "*the harmlessness determination itself* was unreasonable." *Fry*, 551 U.S. at 119; *see also Davis v. Ayala*, 576 U.S. 257, 269 (2015).

The district court found that each alleged error was harmless on its own. We agree. But it would not have been objectively unreasonable for the California Supreme Court to conclude that the two errors, which were not prejudicial individually, were also not prejudicial cumulatively. There was overwhelming evidence that the drugs in the car belonged to Campbell. *See Parle v. Runnels*, 387 F.3d 1030, 1044 (9th Cir. 2004) (reversing grant of habeas relief based on "overwhelming evidence" of guilt). The Ford Escort Campbell was driving contained substantial amounts of drugs and drug paraphernalia. Campbell acknowledged the car was his and that he had been driving it for years. Paperwork in the car supported this. A later search of the garage where Campbell lived uncovered drug paraphernalia on a shelf that was labeled "Kirk's don't touch," as well as drug packaging materials that matched those found in the trunk of the car. Campbell also made incriminating statements on a phone call to his girlfriend from jail.

In addition, while Campbell's passenger, Rodney Tindell, purported to take responsibility for the drugs, Tindell's testimony was not plausible. Among other

4

things, Tindell did not claim responsibility until years after the fact; implausibly claimed the drugs (worth several thousand dollars) had been given to him as repayment for a debt of "[a] couple hundred" dollars; and his testimony was inconsistent with the photo of where the drugs were found.

The circumstances specific to each alleged constitutional error further demonstrate that the California Supreme Court could have reasonably concluded the errors were harmless. The *Miranda* error was premised on the trial court's admission of Detective Buckenmeyer's testimony that Campbell turned "red" and appeared "upset" when shown a photograph of a black bag located in the car trunk. But Campbell testified that his reaction to the photo was one of "shock," not guilt. The prosecution also did not comment further about Buckenmeyer's testimony about Campbell's reaction to the photo, which was but a small part of the officer's overall testimony.

The second alleged error is premised on the readback of Buckenmeyer's testimony recalling Campbell's phone call to his girlfriend from jail. Campbell claims the state trial court violated the Sixth Amendment because when the jury asked for Buckenmeyer's "transcript" of the phone call (no such transcript was admitted), the trial court had Buckenmeyer's trial testimony about his recollection of the call read back to the jury, allegedly without informing defense counsel about the jury's request. But the jury had already heard Buckenmeyer's testimony, and

Campbell does not contest the accuracy of Buckenmeyer's description of the call. This testimony was also but one part of the State's evidence against Campbell.

In sum, because the state court could have reasonably found any errors harmless, the district court erred in granting habeas relief on the drug counts.

2.      We reject Campbell's alternative assertion of error based on the exclusion of evidence about Tindell's criminal record. As noted, Tindell's testimony was not plausible. And given the uncertain factual basis for the excluded evidence and its questionable relevance, Campbell has not shown the state court's decision was erroneous "beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 421 (2014) (quotations omitted). Nor has Campbell shown the exclusion of this evidence was prejudicial.

3.      We affirm the district court's denial of habeas relief on the firearm count. The alleged errors, which related to Campbell's knowledge of the drugs in his car, bear no apparent relationship to the firearm count, which was supported by overwhelming evidence.

**AFFIRMED IN PART; REVERSED IN PART.**