MEMORANDUM *
Kennith Defoor appeals from his conviction for conspiring to defraud the United States and filing false claims against the United States through a fraudulent income tax return scheme in violation óf 18 U.S.C. §§ 2, 286, 287. Defoor did not raise any of the issues he presses in this appeal in the district court; accordingly, wé review each issue for plain error; See United States v. Hilgers, 560 F.3d 944, 946 (9th Cir.2009). We have jurisdiction under 28 U.S.C. § 1291, and we-affirm.
1. Defoor argues that the district court plainly erred by allowing the government to elicit testimony from IRS Agents Shelly Bare and -Patrick Bauer that he filed “false” tax, returns.
a. First, Defoor contends that, by testifying that" Defoor filed “false” tax returns, Agents Bare and Bauer impermissibly “testified to the legal conclusion” at issue in the case (ie., whether the claims Defoor filed were “false”) in, violation of Federal Rules of Evidence 701, 702, 704, and 403. Athough Federal Rule of Evidence 704(a) specifically provides that “[a]n opinion is hot objectionable just because it embraces an ultimate issue,” Fed.R.Evid. 704(a), it “does not lower the bar[ ] so as to admit all opinions.” Fed.R.Evid. 704 advisory committee’s' notes. Rulés 701 and 702 require opinions to "'“be helpful to the trier of fact,” and Rule 403 “provides for exclusion of evidence which wastes time.” Fed.R.Evid. 704 advisory committee’s notes. Together, these rules prevent a witness from giving “an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.” Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir.2004) (citation omittéd).
Athough determining. whether an opinion is a “legal conclusion” can be a difficult task, our case-law helps guide this inquiry. In United States v. Hearst, 563 F.2d 1331 (9th Cir.1977) (per curiam), we concluded that it was permissible for experts to testify that the defendant had “voluntarily rob[bed] a bank” and “act[ed] under fear of death or grave bodily harm” because “[t]he average lay[person] would understand those terms and ascribe to them essentially the same meaning intended by the expert witness.” Id. at 1351. Similarly, in this case, -it is clear that, when Agents Bare and Bauer testified that Defoor’s claims were “false,” they were using *787 the term in a manner that the “average lay[person] would understand.” Id. Def-oor has not identified, nor have we found, any authority suggesting that the term “false” has a specialized meaning in the law that is different from what the term means in the vernacular. Moreover, nothing in the record suggests that, when Agents Bare and Bauer testified that the claims were “false,” they intended the term, to mean anything other than what it does in common parlance. Accordingly, the district court did not commit plain error by allowing Agents Bare and Bauer to testify that the claims Defoor filed were “false.”
b. Defoor further argues that, by permitting Agent Bare to testify that the claims he filed were “false,” the district court “allowfed] the government to commit ambush by expert,” because her testimony went beyond the scope of the United States’ pretrial notice of expert testimony, in violation of Federal Rule of Criminal Procedure 16(a)(1)(G). This argument has little merit: at least two years before trial, the government notified Defoor that Agent Bare would “opine that the income tax returns prepared by defendants and turned over in discovery are inaccurate and that defendants’ claims for tax refunds have no basis in U.S. income tax law.”
Defoor contends that this notice was insufficient: according to Defoor, this notice failed to inform him that Agent Bare would “testify using the exact terminology from the statute regarding the very question that the jury must resolve in this case, namely whether these returns constituted false claims.” Defoor’s argument rests on his assertion that the term “false” is different from the term “inaccurate.” We reject this distinction: the two terms are synonyms. See Merriam-Webster’s Thesaurus, “False,” http://www.merriam-webster.com/thesaurus/false (last visited August 17, 2015) (identifying “inaccurate” as a synonym for “false”). Accordingly, the -district court did not commit plain error in violation of Rule 16 by allowing Agent Bare to testify that'the claims Def-oor filed were “false.”
c. Defoor also argues that the district court plainly erred by permitting Agent Bauer, a “ease agent,” to testify as an expert. This argument is premised on Defoor’s contention that, by testifying that the claims Defoor filed were “false,” Agent Bauer offered an “expert” opinion. However, at least in this case, testifying that a claim was “false” required no specialized expertise: as discussed above, when Agent Bauer testified that Defoor’s claims were “false,” he used the term in a manner that the “average lay[person3 would understand.” Hearst, 563 F.2d at 1351. Accordingly, the district court did not commit plain error by allowing Agent Bauer to testify that the claims Defoor filed were “false.” .
 2. Next, Defoor argues that the trial court erred by “unilaterally investigating and resolving a juror’s report of potential jury tampering”—a phone call received by Juror Number 9 or her husband during trial [1]-—without holding an evidentiary hearing or applying the presumption of prejudice required by Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).
The Remhier presumption does not attach tó'every allegation of jury tampering or misconduct. Rather, a court must “first determine whether a defendant has made a prima facie showing that the intrusion had .., an adverse effect on the delibera *788 tions.” United States v. Henley, 238 F.3d 1111, 1115 (9th Cir.2001) (citation omitted); accord United States v. Rutherfordr 371 F.3d 634, 643 (9th Cir.2004) (noting that Remmer dpes not apply in cases involving instances of “more prosaic kinds of jury misconduct” (citation omitted)). This “adverse effect standard is a low one: Unless the district court finds that this- showing is entirely frivolous or wholly implausible, it must order a Remmer hearing to explore the degree of the intrusion and likely prejudice suffered by the defendant.” Henley, 238 F.3d at 1115 (citation omitted).
Here, Defoor fails to meet even this “low” threshold. It is “wholly implausible” for Defoor to suggest that the phone call received by Juror Number '9 (or her husband) had an “adverse effect” on the jury deliberations. The caller simply asked Juror Number 9 (or her husband) if shei (or he) owed money to the IRS and, upon questioning by Juror -Number- 9 (or- her husband), hung-up.- This-single-question cannot plausibly be interpreted as even an indirect attempt to coerce or otherwise distract Juror Number 9 from her duties as a juror. Moreover, nothing in the record supports the inference that the call intimidated, distracted, or affected Juror Number 9’s peace of mind during jury deliberations. To the contrary, the record allays any such concerns: Juror Number 9 testified that the call would not affect her “ability to be a fair and impartial juror to both sides.”- Similarly, Juror Number 8— the only other juror that the record reflects knew about the call and its contents — testified that he or she would be “able .to retain a fair and open mind and not be influenced by the fact that this coincidence occurred.” Both jurors further testified that the call left.them without “any lingering concern” that-it “might actually be associated with the -real Internal Revenue Service.”
The phone call and the trial are connected only because they are tangentially related to the same subject. This attenuated link,--by itself, is not enough to require application of the Remmer presumption. See Smith, v. Phillips, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (“[I]t is virtually- impossible to shield jurors from every contact or influence that might theoretically affect their= vote.”). Accordingly, the district court did not commit plain error by failing to attach the Remmer presumption to the alleged incident of jury tampering.[2]
3. Finally, Defoor argues that three of the district court’s jury instructions were plainly erroneous.
a. First, Defoor argues that the district court’s § 287 instruction was plainly erroneous. .To sustain a conviction under § 287, the “government must prove that the defendant (1) presented a claim against the United States and (2) knew such claim to be false.” United States v. Atalig, 502 F.3d. 1063, 1067 (9th Cir.2007). The district court’s § 287 instruction was entirely consistent" with this precedent. Nonetheless, Defoor argues that it was erroneous for two reasons. First, he argues that the instruction was incorrect because it did not “require[ ] the jury to find that the claims were consciously inaccurate, nor that Mr. Defoor knew them to be false at the time he made them.” This argument is belied by the instruction itself, *789 which required the jury to find that Defoor “knew the claim[s] w[ere] .false.”
Second, Defoor argues that the instructions were erroneous because they “did not require the jury to conclude that the defendant acted with a consciousness that he was doing something wrong or that violated the law.” This argument has little merit: it is axiomatic that “ignorance of the law or a mistake of law is no defense to criminal prosecution.” United States v. Liu, 731 F.3d 982, 989 (9th Cir.2013) (quoting Cheek v. United States, 498 U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed,2d 617 (1991)). Although we have recognized two exceptions to this rale, see United States v. Fierros, 692 F.2d 1291, 1294 (9th Cir.1982), as modified (9th Cir.1983), neither we, nor the Supreme Court, has ever held that § 287 falls within either exception.[3] Accordingly, the district court’s § 287 .instructions were not plainly erroneous.
b. Next, Defoor argues that the district court’s aiding and abetting instruction was plainly erroneous. Specifically, Defoor argues that the “aiding and abetting the charge of false claims” and “the definition of knowledge” instructions were “obviously inconsistent,” such that the jury was permitted to “convict under an aiding and abetting theory without proof of the required mental state for aiding and abetting.” This argument has little merit: there was nothing “inconsistent” in the district court’s aiding and abetting instruction and its knowledge instruction. Rather, the latter instruction simply provided further guidance as to what term “knowingly” meant. Moreover, the district court’s aiding and abetting instruction did not permit the jury, to convict Defoor “without proof of the required mental state” for .the crime: the district court’s aiding and abetting instruction (including the mens rea requirement) was entirely consistent with -the relevant Ninth Circuit Model Jury Instruction, Accordingly, the district court’s aiding and abetting instruction was not plainly erroneous. See United States v. Benford, 574 F.3d 1228, 1231-n. 1 (9th Cir.2009) (a district court does not commit plain error if it “follow[s] the Ninth Circuit Model Jury Instructions and require[s] the jury to find all the statutory elements of the crime”).[4]
c. Finally, Defoor argues that the district court’s § 286 instruction was plainly erroneous for two reasons. First, Defoor'faults the district court for failing to instruct the jury that, in order to convict Defoor under § 286, it had to find that he knew that what he was doing was “unlawfully].” As discussed above, this argument is meritless: “ignorance of the law or a mistake of law is no defense to criminal prosecution.” Liu, 731 F,3d at 989 (quoting Cheek, 498 U.S. at 199, 111 S.Ct. 604). And, although there are two exceptions to this rale, Defoor does not cite, nor have we found, any decision holding that § 286 falls within either exception.
*790 Defoor also argues that the district court’s § 286 instruction was erroneous because it “failed to instruct the jury that they must find that Mr. Defoor entered into an agreement to defraud the United States.” The government has waived any argument that this instruction- was not plainly erroneous by failing to -respond-to this argument in its answering brief. See United States v. Gamboa-Cardenas, 508 F.3d 491, 502 (9th Cir.2007). However, even assuming that the § 286 instruction was plainly erroneous, we decline to overturn his conviction on this basis because Defoor has not met the final prong of the plain error analysis. That is, he has failed to demonstrate that any error in this instruction “seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.” United States v. Rizk, 660 F.3d 1125, 1132 (9th Cir.2011) (citations omitted). Defoor provides no explanation as to how the (asserted) failure to instruct the jury that it had to find that Defoor entered into an agreement to defraud the United States meets this prong of the plain eiTor analysis; indeed, his briefs do not even mention it. In any event, such an argument would have failed. Even where jury instructions omit an essential element of a crime, we “nonetheless may affirm if the record contains strong and convincing evidence that the missing element of the crime was adequately proved by the prosecution, such that it is extremely unlikely that a properly instructed jury would not have convicted.” United States v. Romm, 455 F.3d 990, 1005 (9th Cir. 2006) -(citation omitted). Here, the evidence that Defoor entered into an agreement with his daughter and son-in-law to defraud the United States was overwhelming: together, they filed 122 false returns, knowing that the incomes and/or withholdings stated were false. On this record, it is extremely unlikely that any- jury would not have convicted Defoor of a violation of § 286. Accordingly, the district court’s § 286 instruction was not plainly erroneous.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except" as provided by 9th Cir. R. 36-3.

. The record is unclear as to whether Juror Number 9 or her husband received the phone call at issue. This discrepancy does- not affect our analysis.

. Defoor cites two decisions from the Fourth Circuit, United States v. Bolden, 325 F.3d 471, 494 (4th Cir.2003) and United States v. Maher, 582 F.2d 842, 847 (4th Cir.1978), that lend some marginal support to his position. However, the district court's failure to include an instruction derived from non-binding, out-of-circuit authority is not plain error. See United States v. Bear, 439 F.3d 565, 569 (9th Cir.2006) ("An error is plain if it is ‘clear’ or ‘obvious’ under current law.” (citation omitted)).

. In his reply brief, Defoor suggests that the district court erred by failing to instruct the jury that, in order to convict Defoor of aiding and abetting a § 287 violation, it had to find that he knew that what he was doing was "unlawful.” Because Defoor raised this issue for the first time in his reply brief, it is waived. See United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992).

. Defoor also offers a conclusory, one-sentence contention that, by conducting its investigation outside of his presence, the district court-violated Fed.R.Crim.P.. 43. Defoor fails to provide either argument or analysis in support of this contention; accordingly, we conclude that this contention is waived. See Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir.1994).