**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50579 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00176-DOC-7 |
| v. | |
| DENNIS J. CLINTON, AKA Dennis Lee Clinton, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50582 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00176-DOC-5 |
| v. | |
| WILLIAM JOSEPH FERRY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 20, 2015[]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[***] District Judge.

Dennis Clinton and William Ferry appeal convictions for conspiracy, mail fraud, and wire fraud. Because the parties are familiar with the facts, we do not recount them except as necessary. Having jurisdiction under 28 U.S.C. § 1291, we reject the appellants' claims and affirm.

First, we decline to address Clinton's ineffective assistance of counsel claim. "'As a general rule,' we do not review [these] claims on direct appeal" and neither exception to the rule applies here. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

Second, the district court did not abuse its discretion in excluding evidence of a co-defendant's dismissal as more prejudicial than probative. The dismissal was not probative of the appellants' guilt or innocence and evidence of the dismissal created an "undue tendency" that the jury would rely on an improper

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

basis to decide the case.  *See United States v. Gonzalez-Flores*, 418 F.3d 1093,

1098 (9th Cir. 2005); *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Third, the district court did not err when it held an ex parte hearing with the

government concerning the co-defendant's dismissal.  The district court properly

reviewed the government's reasons for dismissing the co-defendant in camera to

determine if the information was exculpatory, and as a result would need to be

disclosed to the defendant.  *See Brady v. Maryland*, 373 U.S. 83 (1963); *United*

*States v. Alvarez*, 358 F.3d 1194, 1208–09 (9th Cir. 2004).

Fourth, the transcript of the ex parte hearing should remain sealed.  After

determining that the transcript was not relevant to the defendants' defense, and

therefore not *Brady* material, the district court had no obligation to release it.  *See*

*Alvarez*, 358 F.3d at 1208.

Appellant's motion for judicial notice is denied.

**AFFIRMED**.

13-50579