**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50075 |
| Plaintiff-Appellee, | D.C. No. 8:09-cr-00248-DOC-13 |
| v. | |
| RONALD SMITH, AKA Skeet, AKA Ski, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before:  WARDLAW and OWENS, Circuit Judges, and DORSEY,[**] District Judge.

Ronald Smith appeals from his sentence imposed following his guilty plea to conspiracy to commit bank fraud (18 U.S.C. § 1349) and aggravated identity theft (18 U.S.C. § 1028A(a)(1)).  "We review de novo whether a defendant received

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

ineffective assistance of trial counsel." *United States v. Benford*, 574 F.3d 1228, 1230 (9th Cir. 2009). As the parties are familiar with the facts, we do not recount them here. We affirm.

Smith contends that his Sixth Amendment right to effective assistance of counsel was violated because his first counsel failed to communicate to Smith a plea agreement before it expired, even though Smith was later re-offered and accepted the original plea agreement. Specifically, Smith contends that the re-offer of the original plea agreement was insufficient to remedy his first counsel's failure to timely convey the plea agreement because Smith purportedly would have received a more lenient sentence if he had pled earlier. *See United States v. Blaylock*, 20 F.3d 1458, 1468 (9th Cir. 1994) ("[T]he remedy for counsel's ineffective assistance should put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred[.]").

However, Smith has not established prejudice because he has not shown "a reasonable probability that the end result of the criminal process would have been more favorable by reason of . . . a sentence of less prison time" if he had pled earlier. *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Further, Smith already received the sufficient remedy of the reinstatement of the original plea offer. *See Lafler v. Cooper*, 566 U.S. 156, 174 (2012) (holding that the "correct remedy" for the ineffective assistance of counsel that caused rejection of a plea leading to a

2

trial and a more severe sentence was "to order the State to reoffer the plea agreement"); *Blaylock*, 20 F.3d at 1468 (stating that where "the defendant was deprived of the opportunity to accept a plea offer, putting him in the position he was in prior to the Sixth Amendment violation ordinarily will involve reinstating the original offer").

**AFFIRMED**.