**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERT ROBINSON, | No. 19-55893 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-00906-VAP-ADS |
| v. | |
| SAN BERNARDINO COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Albert Robinson appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of

defendants' failure to appoint him counsel at his initial state court criminal

arraignment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

The district court properly dismissed Robinson's Sixth and Fourteenth Amendment right to counsel claims because Robinson failed to allege facts sufficient to show that he was denied counsel during a critical stage in his state court criminal proceedings. *See Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 194, 212 (2008) (explaining that, once the Sixth Amendment right to counsel applies, a criminal defendant is entitled to counsel "during any critical stage" of the proceedings); *United States v. Benford*, 574 F.3d 1228, 1232 (9th Cir. 2009) (explaining that a critical stage is one where "(1) failure to pursue strategies or remedies results in a loss of significant rights, (2) skilled counsel would be useful in helping the accused understand the legal confrontation," or "(3) the proceeding tests the merits of the accused's case" (citation and internal quotation marks omitted)).

The district court properly dismissed Robinson's § 1983 conspiracy claim because Robinson failed to allege facts sufficient to show the existence of a conspiracy or an underlying constitutional violation. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth elements of a § 1983 conspiracy claim); *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that "conclusory allegations" are insufficient to

19-55893

state a conspiracy claim under § 1983).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Robinson's state law fraud claims because the court dismissed the federal claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Lacey v. Maricopa County*, 693 F.3d 896, 940 (9th Cir. 2012) (en banc).

The district court did not abuse its discretion by dismissing Robinson's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**